NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Alfonso Rogers,            :
                           :
    Plaintiff,         :    Civ. No. 02-4961 (DRD)
                           :
    v.                 :
                           :    **O P I N I O N**
Port Authority of New York :
    and New Jersey,    :
                           :
    Defendant.         :
                           :

---

Louis A. Zayas, Esq.
11 State Street
Hackensack, New Jersey 07601

*Attorney for Plaintiff*

George P. Cook
Deputy New Jersey Solicitor
1 Path Plaza
Jersey City, New Jersey 07306

*Attorney for Defendant*

**DEBEVOISE, Senior District Judge**

    Plaintiff, Alfonso Rogers, filed a complaint against Defendant, Port Authority of New York and New Jersey, as well as three individual police officers, on October 15, 2002, alleging that the officers assaulted him after he was stopped for an alleged traffic violation.  Those

1

officers were later dismissed from the case through a stipulation of dismissal.  On August 10, 2005 Plaintiff filed a motion to amend his complaint such that he could reassert claims against the three officers and add an additional count of malicious prosecution.  That motion was denied by Magistrate Judge Wigenton in an order dated January 3, 2006.  On January 25, 2006, Plaintiff sent a letter to Judge Wigenton requesting additional discovery.  Judge Wigenton denied that request in an order dated February 2, 2006.  On February 14, 2006 Plaintiff filed the motions presently before the court: 1) a motion to amend his complaint, and 2) a motion to compel discovery.  Those motions are essentially appeals from Judge Wigenton's decisions in the two orders mentioned above.

## I.  BACKGROUND

In a June 7, 2004 scheduling order, Judge Wigenton ordered that any motions to amend the complaint or add new parties be made no later than September 15 and that discovery be completed by November 30, 2004.  The discovery deadline was later extended to February 28, 2005.  On May 10, 2005 Judge Wigenton ordered that all dispositive motions be filed by June 6, 2005 and that the parties appear for a final pretrial conference on July 6, 2005.  Thereafter, the case was scheduled for trial.  On August 10, 2005 Plaintiff filed his motion to amend the complaint.  Then, on January 25, 2006, he made his request for additional discovery.  Judge Wigenton denied both.

## II.  DISCUSSION

**Standard for reviewing a Magistrate Judge's decision**

When reviewing a Magistrate Judge's decision a District Judge must decide whether the

2

Magistrate Judge's ruling was clearly erroneous or contrary to law. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J.1998). Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the "abuse of discretion standard," may be applied. Port Auth. v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579 (D.N.J. 2001). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id. (citing Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); and Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997)).

**Judge Wigenton's decision to deny Plaintiff's motion for leave to amend**

Under FED. R. CIV. P. 15(a), a party should be granted leave to amend its pleading when justice so requires. The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend." Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id. However, such liberality is not limitless. Several factors weigh against granting leave to

amend.  Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

In the order dated January 3, 2006 Judge Wigenton stated that granting Plaintiff's motion to amend the complaint would result in undue delay and prejudice.  She reasoned that if the Plaintiff were allowed to reinstate his previously dismissed claims against the police officers the case "would have to be recommenced."  She noted that the newly added parties would need to seek independent counsel and "discovery would begin ab initio."  As the discovery deadline in this case had already expired more than five months before Plaintiff filed this motion, such a result would constitute undue delay and would prejudice the Defendant because it would be forced to endure further delay and expense.

It is well established that an untimely motion for leave to amend, filed after the close of discovery, may be denied on the basis that it would result in undue delay and prejudice.  See e.g., Berger v. Edgewater Steel Co., 911 F.2d 911, 924.  Thus, Judge Wigenton's decision to deny Plaintiff's motion was neither clearly erroneous nor contrary to law.

**Judge Wigenton's decision to deny Plaintiff's request for additional discovery**

As Plaintiff's appeal of this decision relates to "a matter within the exclusive purview of the Magistrate Judge," Plaintiff must show that Judge Wigenton's decision constitutes an abuse of discretion.  As Plaintiff's request for additional discovery came almost eleven months after the discovery deadline had passed, Judge Wigenton's decision to deny that request is almost certainly within her discretion.

Plaintiff argues that he made repeated attempts to obtain certain documents and that Defendant was uncooperative.  He further states that he contacted Judge Wigenton several times,

once in writing and twice during conferences, with regard to Defendant's alleged failure to comply with discovery requests. But Plaintiff fails to effectively explain why he waited so long to file a formal request for additional discovery. As such, Judge Wigenton's decision to deny Plaintiff's request was not an abuse of discretion.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motions to amend his complaint and to compel discovery will be denied. The court will enter an order implementing this opinion.


          /s/ Dickinson R. Debevoise

          DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:            March 27, 2005